UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| N.F., by and through his next friends, J.F. AND G.F.,,<br><br>Plaintiff,<br><br>v.<br><br>EVERGREEN SCHOOL DISTRICT and RICHARD MELCHING, in his official capacity as the Superintendent of the Evergreen School District,,<br><br>Defendant. | Case No. 05-5023 FDB<br><br>ODER STAYING PROCEEDINGS |

  Plaintiff has filed suit for injunctive and declaratory relief and damages pursuant to the IDEA, the Rehabilitation Act of 1973, the Americans with Disabilities Act and the Carl Perkins Vocational and Technical Education Act.  Plaintiff, pursuant to Fed. R. Civ. P. 56 has moved for partial summary judgment and appeal of administrative decision seeking several of two conclusions of law in the Administrative Order .  For the reasons mentioned herein, the Court declines to decide Plaintiff's motion for partial summary judgment at this time, and *sua sponte* stays this matter pending the outcome of parallel litigation; Evergreen School District v. N.F., Case No. 05-2-00108-2, which is currently pending in Clark County Superior Court and involves essentially the same facts and legal

ORDER - 1

1  issues at bar.

2  Because both actions involve essentially the same facts, the same legal issues (interpretation
3  of the ALJ's Order) and the same or similar parties in interest, the Court has determined that
4  resolution of one action would most certainly have an affect on the other.  Accordingly, the Court
5  has decided to stay this matter pursuant to the Colorado River Doctrine.

6  Typically, federal courts have a "virtual unflagging obligation" to exercise the jurisdiction
7  conferred upon them.  See *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996).  However,
8  in the interest of "wise judicial administration, giving regard to conservation of judicial resources and
9  comprehensive disposition of litigation." a federal court may abstain from exercising jurisdiction over
10 cases which are duplicative of a pending state court proceeding.  See *Colorado River Water*
11 *Conservation District v. United States,* 424 U.S. 800, 817 (1976); Quackenbush v. Allstate Ins. Co.,
12 517 U.S. at 517; *Easter v. American West Financial,* 202 F. Supp. 1150, 1153 (W.D. Wash. 2002).
13 In determining whether to abstain, the Court will consider a variety of factors, including (1) which
14 court has jurisdiction; (2) the inconvenience of the federal forum; (3) the desirability of avoiding
15 piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums.
16 See *Colorado River Water Conservation Dist.,* 424 U.S. at 818-19.  No one factor is determinative.
17 The decision to abstain rests upon a "careful balancing" of these factors as they apply in a given case,
18 with the balance heavily weighed in favor of exercising jurisdiction.

19 In the case at bar, the most compelling reason for the Court to abstain is the danger of
20 inconsistent judgments which would affect the parties.  If the Court exercised its jurisdiction in this
21 matter, it is possible that the parties may attempt to litigate unsatisfactory ruling more than once.
22 Such unsavory litigation tactics are akin to forum shopping, and are equally unacceptable (The Court
23 does not suggest that either party or their counsel of record would engage in such gamesmanship.
24 The Court merely attempts to make light of the fact that such tactics are possible).

25

26 ORDER - 2

Upon review, the Court finds that the aforementioned factors weigh in favor of abstention.

ACCORDINGLY,

IT IS ORDERED;

(1) *N.F., et al v. Evergreen School District et al,* Cause No. 05-5023 FDB is STAYED pending the resolution of *Evergreen School District v. N.F.*, Clark County Superior Court Case No. 05-2-00108-2;

(2) Plaintiff's partial motion for summary judgment and appeal (dkt. #19) is CONTINUED pending the outcome of *Evergreen School District v. N.F.*, Clark County Superior Court Case No. 05-2-00108-2, and may be renoted, if necessary, by Plaintiff after resolution of the state action;

(3) All prior scheduled filing and Court deadlines are VACATED and will be rescheduled, if necessary; and

(4) The Clerk is instructed to send a copy of this Order to all parties and their counsel of record.

DATED this 26th day of June, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3